MARK JOSEPH KENNEY (State Bar No. 87345)
JAN T. CHILTON (State Bar No. 47582)
MARK I. WRAIGHT (State Bar No. 228303)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BEELER and REX VENTURES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendants. | Case No.: CV 08 3739 EMC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Bank of America, N.A. ("BofA") answers the first amended complaint as follows:

1. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1, and on that ground denies them.

2. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2, and on that ground denies them.

3. BofA admits the allegations in paragraph 3.

4. BofA admits that jurisdiction is proper.

5. BofA admits that jurisdiction is proper.

6. BofA admits that venue is proper in this Court.

7. BofA admits that venue is proper in this Court.

8. BofA admits that venue is proper in this Court.

9. BofA admits the allegations of paragraph 9.

10. BofA admits that a check in the amount of $25,000 was deposited into account xxxx-x6173 in the name of plaintiff. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 10, and on that ground denies them.

11. BofA admits that a check in the amount of $10,000 was deposited into account xxxx-x6503 in the name of plaintiff. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 11, and on that ground denies them.

12. BofA admits that a check in the amount of $185,220 was deposited into account xxxx-x6546 in the name of plaintiff. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 12, and on that ground denies them.

13. BofA admits that, at Beeler's request, it issued a cashier's check in the amount of $175,000. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13, and on that ground denies them.

14. BofA admits that a check in the amount of $308,125 was deposited into account xxxx-x6503. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 14, and on that ground denies them.

15. BofA admits that a check in the amount of $557,910 was deposited into account xxxx-x6503. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 15, and on that ground denies them.

16. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16, and on that ground denies them.

17. BofA denies the allegations of paragraph 17.

18. BofA admits that the each of the three checks (for $185,220, $308,125, and $557,910) were drawn by another BofA customer on an account at a different BofA branch in a different Federal Reserve check processing region. BofA denies the remaining allegations of paragraph 18.

- 2 -

19. BofA denies the allegations of paragraph 19.

20. BofA admits the allegations of paragraph 20.

21. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21, and on that ground denies them.

22. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22, and on that ground denies them.

23. BofA admits that a stop payment was placed on the $175,000 cashier's check and that it has not yet been paid. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 23, and on that ground denies them.

24. BofA admits that Beeler provided a cashier's check for $160,000. BofA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 24, and on that ground denies them.

25. BofA admits the allegations of paragraph 25.

26. BofA admits that Beeler deposited cashier's checks totaling $195,000 and third party checks totaling $1,051,255 in the three accounts described in paragraphs 10-12. BofA denies the remaining allegations of paragraph 26. BofA affirmatively alleges that the third party checks were returned unpaid.

27. BofA admits the allegations of paragraph 27. BofA affirmatively alleges that on March 12, 2009, it paid Beeler an additional $193,593.15, representing $175,000 in principal together with interest at 7 percent per annum from September 6, 2007 to March 12, 2009.

28. BofA denies the allegations of paragraph 28.

29. BofA incorporates by reference its responses to paragraphs 1 through 28 above.

30. BofA denies the allegations of paragraph 30.

31. BofA denies the allegations of paragraph 31.

32. BofA denies the allegations of paragraph 32.

33. BofA denies the allegations of paragraph 33.

34. BofA incorporates by reference its responses to paragraphs 1 through 33 above.

35. BofA denies the allegations of paragraph 35.

10597/0086/719540.1

Answer to 1st Amended Complaint
Case No.: CV 08 3739 EMC

36. BofA denies the allegations of paragraph 36.

37. BofA denies the allegations of paragraph 37.

38. BofA admits that plaintiffs have served their complaint on BofA. BofA denies the remaining allegations of paragraph 38.

39. BofA denies the allegations of paragraph 39.

40. BofA denies the allegations of paragraph 40.

41. BofA incorporates by reference its responses to paragraphs 1 through 40 above.

42. BofA admits the allegations of paragraph 42 and affirmatively alleges that the terms of the contractual depostior-bank relationship are set forth in the Deposit Agreement and Disclosures, a copy of which was given to Beeler on September 4, 2007,.

43. BofA denies the allegations of paragraph 43 and affirmatively alleges that the terms of its contract with plaintiffs was stated in writing in the Deposit Agreement and Disclosures, not in parol statements or promises whether set forth in writing or made orally.

44. BofA admits that each party to the account agreement was subject to an implied duty of good faith and fair dealing. BofA denies the remaining allegations of paragraph 44.

45. BofA denies the allegations of paragraph 45.

46. BofA denies the allegations of paragraph 46.

47. BofA denies the allegations of paragraph 47.

48. BofA denies the allegations of paragraph 48.

49. BofA incorporates by reference its responses to paragraphs 1 through 48 above.

50. BofA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 50, and on that ground denies them.

51. BofA denies that it entered into any transaction with Beeler which was intended to result or which, in fact, resulted in the sale or lease of any goods or services. BofA affirmatively alleges that the account agreement between Beeler and BofA established a debtor-creditor relationship to which the Consumers Legal Remedies Act does not apply. BofA denies the remaining allegations of paragraph 51.

52. BofA denies the allegations of paragraph 52.

53. BofA denies the allegations of paragraph 53.

54. BofA denies the allegations of paragraph 54.

55. BofA admits that its Deposit Agreement and Disclosures is a form contract prepared by BofA. BofA denies the remaining allegations of paragraph 55.

56. BofA admits that in order to open a demand deposit account at BofA, Beeler had to agree to the terms of BofA's Deposit Agreement and Disclosures. BofA denies the remaining allegations of paragraph 56. BofA affirmatively alleges that Beeler already had demand deposit accounts at other financial institutions and could have opened additional accounts at additional financial institutions other than BofA if he did not wish to agree to the terms of BofA's Deposit Agreement and Disclosures.

57. BofA admits that the Uniform Commercial Code imposes a midnight deadline by which a payor bank must pay or return a check presented to it for payment. BofA denies the remaining allegations of paragraph 57.

58. BofA denies the allegations of paragraph 58.

59. BofA is not called upon to admit or deny the allegations of paragraph 59. But BofA denies that Beeler is entitled to injunctive relief, attorney's fees, costs and expenses.

60. BofA incorporates by reference its responses to paragraphs 1 through 59 above.

61. BofA admits the allegations of paragraph 61.

62. BofA is not called upon to admit or deny the allegations of paragraph 62. But BofA denies that there is any merit in any of the contentions stated in that paragraph.

63. BofA admits the allegations of paragraph 63.

64. BofA is not called upon to admit or deny the allegations of paragraph 64. But BofA denies that Beeler is entitled to any declaration.

65. BofA denies the allegations of paragraph 65.

66. BofA is not called upon to admit or deny the allegations of paragraph 66. But BofA denies that plaintiff is entitled to a money award of any amount of statutory damages.

67. BofA is not called upon to admit or deny the allegations of paragraph 67. But BofA denies that plaintiff is entitled to a money award of any amount of punitive damages.

68. BofA is not called upon to admit or deny the allegations of paragraph 68. But BofA denies that plaintiff is entitled to attorney's fees, expenses, and costs.

69. BofA is not called upon to admit or deny the allegations of paragraph 69. But BofA denies that plaintiff is entitled to injunctive relief.

70. BofA is not called upon to admit or deny the allegations of paragraph 70. But BofA denies that plaintiff is entitled to declaratory relief.

71. BofA is not called upon to admit or deny the allegations of paragraph 71.

72. BofA is not called upon to admit or deny the allegations of paragraph 72. But BofA denies that plaintiff is entitled any relief.

## AFFIRMATIVE DEFENSES

73. Plaintiffs' complaint, and each and every cause of action therein, fail to state facts sufficient to constitute a cause of action against BofA.

74. Plaintiffs' claims are barred in whole or part because of plaintiffs' failure to mitigate damages.

75. Plaintiffs are at fault with respect to the matters alleged in the complaint, and their recovery, if any, should be barred or reduced in proportion to their comparative fault.

76. Any injury or damage to plaintiffs was a result of the intentional, negligent or otherwise wrongful acts of third parties, and any claims against BofA shall be reduced in proportion to the faults of the third parties.

77. Plaintiffs' claims are barred by the doctrine of unclean hands.

78. BofA's compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes its liability to plaintiffs.

79. BofA's actions were proper and legal, and were made in good faith.

80. Plaintiffs' claims are precluded because plaintiffs' injuries, if any exist, resulted from a bona fide error, notwithstanding the maintenance of reasonable procedures adapted to avoid such error.

81. BofA returned items in a timely manner.

82. BofA's deadline for returning items was extended by BofA's Deposit Agreement and Disclosures which provides that BofA may accept a returned item and charge it back to the depositor's account at any time without regard to whether the payor bank finally paid the item before returning it.

83. Plaintiffs consented to BofA's actions which are the subject of plaintiffs' claims.

84. Plaintiffs are estopped and their claims are barred by their unclean hands. They deposited checks they knew or should have known would probably not be paid due to Next Components' fraud. Plaintiffs concealed this fact from and failed to disclose it to BofA, while attempting to obtain cash or its equivalent in return for the checks, thereby placing the risk of loss from Next Components' fraud on BofA.

85. In September 2007, BofA paid plaintiffs $19,930.11. In addition, on March 12, 2009, BofA paid plaintiffs an additional $193,593.15, representing $175,000 in principal together with interest at 7 percent per annum from September 6, 2007 to March 12, 2009.

WHEREFORE, BofA prays for judgment as follows:

1. That plaintiffs' action and complaint be dismissed with prejudice.
2. That BofA be awarded its costs of suit.
3. That the Court award such other and further relief as it finds just and proper.

DATED: March 18, 2008

SEVERSON & WERSON
A Professional Corporation

By: _____*/s/ Jan T. Chilton*_____
Jan T. Chilton

Attorneys for Defendant
Bank of America, N.A.

10597/0086/719540.1

Answer to 1st Amended Complaint
Case No.: CV 08 3739 EMC